ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/15/22

- - - - - - - - - - - - - - - - - - -X
ASTRAEA NYC LLC,

        Plaintiff,

    - against -

RIVADA NETWORKS, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - -X

21 Civ. 10493 (LLS)

OPINION & JUDGMENT

    Petitioner ASTRAEA NYC LLC ("Astraea") seeks confirmation of an Arbitration Award entered against Respondent Rivada Networks, Inc. ("Rivada"). Rivada does not oppose the petition. For the reasons that follow, the petition is granted.

## BACKGROUND

    Astraea, as lender, and Rivada, as borrower, entered into two Loan Agreements on December 23, 2016 for US$500,000 and on January 20, 2017 for US$2,000,000. Section 14 of the Loan Agreements provides for "conclusive and binding" arbitration before the American Arbitration Association ("AAA").

    Rivada subsequently breached the Loan Agreements by failing to make the requisite repayments. As a result, on February 5, 2021, Astraea commenced arbitration proceedings to recover damages. An arbitration hearing was held in New York City on September 23 and 24, 2021.

    On November 18, 2021, the Arbitrator issued an Award in favor of Astraea and against Rivada in a total amount of

-1-

$3,131,816.91, plus interest calculated at five percent (5%) per annum beginning from November 18, 2021. To date, Rivada has not paid any portion of the Award. Nor has it made any application to modify, correct, or vacate the Award.

On December 8, 2021, Astraea brought this timely petition to confirm the Award under the Federal Arbitration Act, 9 U.S.C. § 9. (Dkt. No. 1). Rivada filed no opposition to the petition or made any other appearances before this Court. Accordingly, Astraea sought a certificate of default, which the Clerk entered on January 21, 2022. (Dkt. 14). Astraea now moves for summary judgment in order to have the Award confirmed and reduced to judgment such that it may enforce collection against Rivada. (Dkt. No. 15).

STANDARD OF REVIEW

Arbitration awards are not self-enforcing. Hoeft v. MVL Group, Inc., 343 F.3d 57, 63 (2d Cir.2003). Accordingly, "they must be given force and effect by being converted to judicial orders by courts." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006). Under the Federal Arbitration Act, any party to an arbitration may petition the court for such an order, and the court must grant it "unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9; see Macquarie Holdings (U.S.A.), Inc. v. McLaughlin, No. 17-CV-9023, 2020 WL 6806706, at *2 (S.D.N.Y. Nov. 19, 2020).

- 2 -

In reviewing a petition to confirm an arbitration award, the district court affords "strong deference" to the arbitral process. Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60, 72 (2d Cir. 2012). Confirmation of an arbitration award is appropriate so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992); see D.H. Blair & Co., 462 F.3d at 104 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."). Therefore, even if the court disagrees with the merits of the award, the court should enforce it "if there is a barely colorable justification for the outcome reached." Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992); see, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision.").

The party moving to vacate an arbitral award maintains the heavy burden of proof. Wallace v. Buttar, 378 F.3d 182, 189 (2d

Cir. 2004). When, as here, no party contests the confirmation of the arbitration award, the unopposed motion should be "treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., 462 F.3d at 109. "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

### DISCUSSION

Upon review of the petition, the memorandum of law, and the accompanying documents, the Arbitration Award is confirmed.

Based on the language of the Loan Agreements and supported as well by extrinsic evidence, the arbitrator found a breach of contract by Respondent. She rejected arguments that the debt had been converted (by agreement or constructively) to a purchase of equity based on the Loan Agreements' terms and the parties' conduct, found the application of factors occasionally applied in bankruptcy court to be inapplicable and in this case to favor that the investment was debt rather than equity, and declined to find a modification of the Loan Agreements from the subsequent conduct of the parties. These conclusions were, beyond argument, correct.

She found Respondent "falls woefully short in establishing any of the required elements" of estoppel as an equitable

defense (Dkt. No. 1 Ex. A at 13), and the assertion of the defense of unclean hands to be outside her authority under the arbitration agreement.

Her determinations were carefully made and are confirmed by this Court.

Her award is confirmed, and it is ADJUDGED that Petitioner Astraea NYC LLC recover from Respondent Rivada Networks, Inc. the amount of $3,123,729.41, plus $8,087.50 for Respondent's share of the administrative fees and expenses of the American Arbitration Association for a total amount of $3,131,816.91, plus interest calculated at five percent (5%) per annum beginning from November 18, 2021.

So ordered.

Dated: February 15, 2022
       New York, New York


                                        *Louis L. Stanton*

                                        LOUIS L. STANTON
                                        U.S.D.J.