ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

ASTRAEA NYC LLC,

                Plaintiff,

    - against -

RIVADA NETWORKS, INC.,

                Defendant.

- - - - - - - - - - - - - - - - -X

21 Civ. 10493 (LLS)

OPINION & ORDER

This Court previously upheld a judgment of over $13,000,000 for plaintiff Astraea NYC, LLC ("Astraea") and against defendant Rivada Networks, LLC ("Rivada"). Now before the Court are Astraea's motions to enforce the judgment—a motion for a turnover order and a motion to appoint a receiver.

For the reasons that follow, the motion for a turnover order is granted in part and denied in part, and the motion to appoint a receiver is denied.

I

The Court assumes the parties' familiarity with the facts and recounts only what is necessary for adjudication.

On February 15, 2022, this Court entered judgment in favor of Astraea NYC LLC and against Rivada Networks, Inc. for a total amount of $3,131,816.91, plus interest calculated at five percent (5%) per annum beginning from November 18, 2021. Dkt.

No. 20. Since then, Astraea has been battling to enforce the judgment, no part of which has been paid to date.

On December 20, 2022, Astraea, as Judgment Creditor, moved for a turnover order:

1. Compelling Rivada Networks, Inc. (the "Judgment Debtor") to turn over to the Judgment Creditor all rights, title, and interest in its membership interests in, and any documents or certificates evidencing ownership of,
    i.    Rivada Networks, LLC;
    ii.   Rivada Space Networks GmbH;
    iii.  Rivada Space Networks II GmbH;
    iv.   Celeste Holding AG; and
    v.    Trion Space AG;
2. Compelling the Judgment Debtor to turn over to the Judgment Creditor the approximately $10,000.00 held by the Judgment Debtor in Citibank, and any other additional funds held in that or any other bank account (subject to the monetary limit of the amount of the judgment);
3. Compelling the Judgment Debtor to pay any other money or deliver any other personal property of sufficient value in its possession to satisfy the judgment to the Judgment Creditor;
4. Granting the Judgment Creditor a judicial lien on all assets of the Judgment Debtor pursuant to NY CPLR §5202 and §5203 until the judgment in this case is satisfied; and
5. Restraining the Judgment Debtor from pledging, hypothecating, selling, transferring or otherwise disposing of any right, title or interest in any of its assets, including but not limited to those identified above, without prior authorization of this Court, and restraining the Judgment Debtor from causing any entity or person under its direct or indirect control from doing the same, unless and until the Judgment Creditor pays the Judgment in full.

Dkt. No. 33.

Then, on April 5, 2023, Astraea moved to appoint a receiver. Dkt. No. 44. Astraea's motions to enforce the judgment are disposed of as follows.

II.

"A money judgment is enforced by a writ of execution[.] The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. In New York,

> where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. C.P.L.R. 5225(a). While C.P.L.R. 5225(a) directs that personal property besides money be turned over to the sheriff, the Court has the discretion to order personal property be directly turned over to the judgment creditor. See N.Y. C.P.L.R. 5240 ("The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.").

"A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested." N.Y. C.P.L.R. 5201(b). Such property includes a membership interest in a limited liability company. See, e.g., 79 Madison LLC v. Ebrahimzadeh, 203 A.D.3d 589, 590 (N.Y. App. Div. 2022) ("An interest in an LLC 'is clearly assignable and transferable' . . . and it is not exempt under CPLR 5205."); Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 314 (N.Y. 2010) ("defendants' ownership/membership interests in 22 out-of-state limited liability companies—is akin to intangible contract rights, and is clearly assignable and transferable."). It also includes a right or share in the stock of a corporation, or interests therein. N.Y. C.P.L.R. 5201(c)(1). A turnover order is effective regardless of the location of the asset. Koehler v. Bank of Bermuda Ltd., 544 F.3d 78, 85 (2d Cir. 2008).

The "burden of proof in a turnover proceeding rests with the judgment creditor." Petrocelli v. Petrocelli Elec. Co., 995 N.Y.S.2d 552, 553 (N.Y. App. Div. 2014).

### 1.

To invoke section 5225(a), Astraea must identify assets that are clearly within the possession of Rivada. N.Y. C.P.L.R. 5225(a); see, e.g., Mattel, Inc. v. Arming, No. 18 civ. 8824, 2021 WL 3683871, at *9 (S.D.N.Y. Aug. 18, 2021) (denying asset

turnover request when plaintiff did not show that "judgment debtor is in possession or custody of money or other personal property in which he has an interest"). Rivada has never explicitly denied having an ownership interest in any of the contested entities but instead argues that there are questions of material fact as to their ownership. The Court agrees on the whole but finds to the contrary that all evidence supports a finding that Rivada owns Rivada Space Networks GmbH and Celeste Holding AG.

Astraea has only satisfied its burden to show that Rivada owns a membership interest in Rivada Space Networks GmbH and Celeste Holding AG. In a public press release, Rivada admitted that Rivada Space Networks GmbH is its wholly-owned subsidiary. Dkt. No. 37 ("Judgment Creditor's Attorney Affidavit in Support of Motion for A Turnover Order and Related Relief") Ex. A (Press Release). Rivada has also publicly admitted to having an ownership interest in Celeste Holding AG. See Defendant Rivada Network Inc.'s Memorandum of Law in Support of Defendant's Motion to Dismiss at 4, Kleo AG v. Rivada Networks, Inc., No. 22 cv 1664 (D.D.C. Aug. 8, 2022).

Astraea has put forward no evidence to satisfy its burden of showing that Rivada owns a membership interest in Rivada Networks, LLC, Rivada Space Networks II GmbH, or Trion Space AG.


Astraea argues, on information and belief, that Rivada owns or controls Rivada Networks, LLC and Rivada Space Networks II GmbH. However, "[a] motion made pursuant to CPLR § 5225 is in the nature of a motion for summary judgment," Aluminum Co. of Am. v. Moskovitz, No. 88 civ. 2616, 1991 WL 177246, at *2 (S.D.N.Y. Sept. 5, 1991), and assertions made upon information and belief are not evidence to be considered in summary judgment, Dellacava v. Painters Pension Fund of Westchester and Putnam Counties, 851 F.2d 22, 26 (2d Cir. 1988). Astraea's argument that Rivada owns Rivada Networks, LLC is not salvaged by the evidence that Rivada may have assigned its patents to Rivada Networks, LLC. The assignment of patents is not sufficient to allow the Court to draw the conclusion that Rivada definitively owns a membership interest in Rivada Networks, LLC. All the assignment shows is the assets that Rivada Network, LLC now has an interest in and no creditor has the right to obtain possession of the property of a limited liability company. NY Limit Liab Co § 607(b).

Astraea relies on Rivada's statements in its Memorandum of Law in Kleo AG to support the claim that Rivada owns Trion Space AG. However, the Memorandum does not refer to Trion Space AG and instead only to Rivada's ownership of Trion AG. A showing that Rivada owns Trion AG had no bearing on whether it owns Trion Space AG.

Rivada is therefore ordered to turn over its ownership stake in Rivada Space Networks GmbH and Celeste Holding AG. But, first, to comply with the requirement of C.P.L.R. 5225(a) that only the property "sufficient to satisfy the judgment" be turned over, the value of Rivada's ownership interests in those entities is to be appraised.

2.

"[O]rders issued under CPLR § 5225(a) are not properly directed at a defendant's assets generally, but must be directed to specific pieces of property upon a showing that such property actually is held by the defendant." In re BICOM NY, LLC, No. 17-11906, 2021 WL 4467539, at *3 (Bankr. S.D.N.Y. Sept. 29, 2021); see also Mattel, Inc, 2021 WL 3683871, at *9 (denying turnover over, in part, because "Plaintiff did not identify particular property").

The $10,000 held by Rivada in Citibank has been identified with particularity and shown to be owned by the Judgment Debtor. See Dkt. 22 ("[Astraea] served restraining notices and information subpoenas on Citibank, which historically has served as Rivada's bank, and Rivada's counsel in the underlying arbitration, . . . [who] reveal[ed] the shocking fact that Rivada has only $12,000 on account at Citibank."). Rivada is therefore ordered to turn over to Astraea the $10,000 held in

Citibank and any other additional funds in that account, up to the amount of the judgment.

Astraea's requests for other additional funds held in any other bank account and any other money or personal property of sufficient value in Rivada's possession to satisfy the judgment are denied for lack of sufficient particularity.

### 3.

Astraea is entitled to an order restraining Rivada's assets and imposing a lien on them until the judgment is fully satisfied.

"Where a judgment creditor has secured an order for delivery of . . . an interest of the judgment debtor in personal property, the judgment creditor's rights in the debt or property are superior to the rights of any transferee of the debt or property, except a transferee who acquired the debt or property for fair consideration and without notice of such order." N.Y. C.P.L.R. 5202(b). Because the Court may extend the use of any enforcement procedure, see N.Y. C.P.L.R. 5240, Astraea is entitled to a lien on Rivada's membership interests in Rivada Space Networks GmbH and Celeste Holding AG and the $10,000 held in Citibank and any other additional funds in that account, up to the amount of the judgment.

"A judgment debtor . . . served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or

interference with any property in which he or she has an interest, except as . . . pursuant to an order of the court, until the judgment or order is satisfied or vacated." N.Y. C.P.L.R. 5222(b). Therefore, pursuant to the Court's power to extend an enforcement procedure, and because the Court has already found there is a possibility that Rivada may dissipate its assets, see Dkt. No. 22, Rivada is hereby forbidden from pledging, selling, transferring, or otherwise disposing of any right, title, or interest in any of its assets, without prior authorization of this Court.

### III.

Astraea seeks to have the Court appoint a receiver of all of the assets of Rivada Networks, Inc. Dkt. No. 43. "[T]he court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment." N.Y. C.P.L.R. 5228(a). In exercising its discretion to appoint a receiver, a court considers the "(1) alternative remedies available to the creditor; (2) the degree to which receivership will increase the likelihood of satisfaction; and (3) the risk of fraud or insolvency if a receiver is not appointed." Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 317 (N.Y. 2010). A receiver should

only be appointed "when a special reason appears to justify one." Id.

Astraea's request for a receivership is facially defective because it does not "specify the property to be received[.]" See N.Y. C.P.L.R. 5228(a). Instead, Astraea's Proposed Order makes clear that the receiver would take charge of all real and personal property of the Judgment Debtor and all of the Judgment Debtor's assets, no matter where located. Dkt. No. 43 Ex. C. at ¶ 2. But "New York State courts routinely adhere to the requirement that a receivership order pursuant to Section 5228 must specify the property to be received." In re Vitamin C Antitrust Litig., No. 05-CV-453, 2015 WL 5918254, at *5 (E.D.N.Y. Oct. 9, 2015) (collecting cases).

Beyond this problem, appointing a receiver would not minimize the risk that Rivada becomes insolvent. Astraea argues to the contrary that Rivada's insolvency is inevitable if a receiver is not appointed. But it provides no showing on how a receiver would ameliorate Rivada's financial woes which range from being behind on payroll, to having a negative balance of equity, to holding a patent portfolio with no value. Appointing a receiver over a startup like Rivada would not change any of those conditions. To make a difference, a receiver would have to be skilled in the area of raising capital for a start-up, a skill outside the scope of traditional receiver duties. See

<u>Asher Enters., Inc. v. Digital Brand Media & Mktg. Grp., Inc.</u>, No. 600717/2014, 2016 WL 10490313, at *2 (Sup. Ct. Nassau Cnty. Aug. 5, 2016) (finding appointment of a receiver would not enhance likelihood of reimbursement of amount owed where defendant's business was "somewhat esoteric, and appears to require interpersonal relationships with existing and prospective clients, a skill not readily available to the average person").

Therefore, there is no special reason to appoint a receiver.

## IV.

Astraea's Motion to Appoint a Receiver is denied. Its Motion for a Turnover is denied, in part, and granted, in part-

It is hereby ordered that

1. Judgment Debtor is compelled to turn over to the Judgment Creditor all rights, titles, and interest in its membership interests in, and any documents or certificates evidencing ownership of Rivada Space Networks GmbH;
2. Judgment Debtor is compelled to turn over to the Judgment Creditor all rights, titles, and interest in its membership interests in, and any documents or certificates evidencing ownership of Celeste Holding AG;
3. Judgment Debtor is compelled to turn over to the Judgment Creditor the approximately $10,000 held by the Judgment Debtor in Citibank, and any other additional funds held in that bank account (subject to the monetary limit of the amount of the judgment);
4. Judgment Creditor is granted a judicial lien on Judgment Debtor's membership interests in Rivada Space Networks GmbH and Celeste Holding AG and the $10,000 held in Citibank and any other additional funds in that account, up to the amount of the judgment.

11

5. Judgment Debtor is restrained from pledging, hypothecating, selling, transferring or otherwise disposing of any right, title or interest in any of its assets, including but not limited to those identified above, without prior authorization of this Court, and restraining the Judgment Debtor from causing any entity or person under its direct or indirect control from doing the same, unless and until the Judgment Debtor pays the Judgment in full.

So Ordered.

Dated: New York, New York
       June  7 , 2023

                                   _____
                                   LOUIS L. STANTON
                                      U.S.D.J.